# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2011

## MARQUETTE HOUSTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-08488     W. Otis Higgs, Judge**

_____

**No. W2011-01073-CCA-R3-PC  - Filed April 25, 2012**

_____

Petitioner, Marquette Houston, an inmate in the custody of the Department of Correction, appeals the dismissal of his *pro se* petition for post-conviction relief.  The trial court summarily dismissed the petition as time-barred by the statute of limitations.  On appeal, Petitioner argues that the trial court erred in dismissing his petition without holding an evidentiary hearing to determine whether the petition was timely filed.  The State concedes that the petition was timely filed because Petitioner delivered his petition to the appropriate prison official for mailing within the applicable limitations period.  Following a review of the record, we agree and accordingly reverse the order of dismissal and remand this case to the post-conviction court for an evidentiary hearing on the merits of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Marquette Houston, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

Petitioner was convicted of second degree murder and sentenced to twenty-five years as a Range I, violent offender. On appeal, this Court affirmed the conviction but remanded the case for resentencing. *State v. Marquette Houston*, No. W2006-00095-CCA-R3-CD, 2007 WL 1890650 (Tenn. Crim. App. June 29, 2007) *perm. app. denied* (Tenn., Nov. 19, 2007). On remand, the trial court again sentenced Petitioner to twenty-five years in the Department of Correction. On appeal, this Court affirmed the sentence. *State v. Marquette Houston*, No. W2008-00885-CCA-R3-CD, 2009 WL 2357146 (Tenn. Crim. App. July 30, 2009) *no perm. app. filed*.

The record reflects that on December 29, 2010, Petitioner filed a petition for post-conviction relief. The trial court entered an order on March 29, 2011, summarily dismissing the petition as time-barred. In the order, the trial court incorrectly noted that "petitioner filed his Petition for Post-Conviction Relief on **December 10, 2009,** over four (4) months after the appellate court ruling. [sic] Petitions for Post-Conviction Relief must be filed within one year of the date when the judgment became final." (Emphasis added).

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A. § 40-30-102(a).

Additionally, Tennessee Code Annotated section 40-30-102(b), provides that the trial court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentenced, and the previous conviction has subsequently been held to be invalid. T.C.A. § 40-30-102(b).

In acknowledging the difficulties a *pro se* petitioner might encounter in delivering his or her petition within the applicable limitations period, the Tennessee Supreme Court adopted Supreme Court Rule 28, § 2(g), which provides:

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se petitioner is incarcerated. This provision shall also apply to service of papers by pro se petitioners pursuant to these rules. Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.

Similarly, Tennessee Rule of Criminal Procedure 49(d)(1) provides:

> If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing. This provision also applies to service of papers by such litigants pursuant to the rules of criminal procedure.

In the present case, the one year statute of limitations began to run on July 30, 2009. The date stamped on Petitioner's post-conviction petition by the clerk's office was December 29, 2010, well after the limitations period had expired. However, the petition also contained a notary acknowledgment reflecting that it was executed and sworn to in Hardeman County on July 28, 2010, prior to the expiration of the limitations period. Additionally, the petition contained a certificate of service certifying that a copy of the petition was "hand delivered to the appropriate Prison Officials in the Mail Room here at Hardeman County Correctional Facility to be forward [sic] by First Class, U.S. Mail, postage prepaid to" the District Attorney General on July 28, 2010.

We also note that Petitioner's affidavit in support of his motion to proceed in forma pauperis contained a notary acknowledgment reflecting that it was executed and sworn to on July 22, 2010. A "Certificate of Prison Official" certifying the balance and average monthly deposits in Petitioner's prison trust fund account was signed by a prison official on July 23, 2010, and it also contained a notary acknowledgment reflecting that it was executed and

sworn to on July 23, 2010. In addition, the certificate of service for those documents and Petitioner's "BRIEF IN SUPPORT OF MOTION FOR AN EVIDENTIARY HEARING" reflect that copies of the documents were "hand delivered to the appropriate Prison Officials in the Mail Room here at Hardeman County Correctional Facility to be forward [sic] by First Class, U.S. Mail, postage prepaid to" the District Attorney General on July 28, 2010. There is also a notary acknowledgment reflecting that they were executed and sworn to in Hardeman County on July 28, 2010. However, like the post-conviction petition, the date stamped on the documents by the clerk's office was December 29, 2010. There is no explanation in the record as to why the post-conviction petition and the accompanying documents were executed and sworn to in July of 2010, and not filed by the clerk until December 29, 2010.

Because there is evidence in the record to show that Petitioner delivered his petition for post-conviction to the appropriate prison authorities for mailing as required by the rules set forth above, and because the State concedes the petition was thus timely filed, we reverse the judgment of the post-conviction court dismissing the petition as time-barred and remand to the post-conviction court for consideration of the petition on the merits.

## CONCLUSION

For the foregoing reasons, we reverse the order of the post-conviction court in dismissing Petitioner's petition for post-conviction relief and remand this case for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE

-4-